IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRIC OF PENNSYVLANIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | CRIMINAL NO. 18-101-1 |
| | : | |
| MEHDI NIKPARVAR-FARD | : | |
| a/k/a MEHDI ARMANI | : | |

**SUPPLEMENTAL MEMORANDUM ADDRESSING RECORDING
OF DEFENDANT'S STATEMENT TO UNITED STATES MARSHALS**

On July 15, 2021, the Court heard testimony addressing a motion to suppress filed by Mehdi Nikparvar-Fard ("Nikparvar-Fard") in the above-captioned matter. In brief summary, the motion sought to suppress an incriminating statement Nikparvar-Fard made to three United States Marshals on August 29, 2017. Deputy United States Marshal Johannes Jarkowsky recorded that statement on his iPhone, and the recording was played for the Court at the suppression hearing.

At the conclusion of the hearing, the Court asked the parties to submit a supplemental memorandum addressing legal questions about the recording. The government hereby submits this memorandum addressing those questions.

**Question One: Can the United States Marshals testify about what Nikparvar-Fard said regardless of the admissibility of the recording (and accompanying transcript)?**

The United States Marshals can certainly testify about what Nikparvar-Fard said because his statement is the admission of a party-opponent. Fed.R.Evid. 801(d)(2). The statement is an admission regardless of whether it was recorded, or not recorded, by another person. In the context of this criminal case, where Nikparvar-Fard is accused of writing prescriptions that were outside the usual course of professional practice and that were medically unnecessary, his

- 1 -

statement that his patients "will come back here because they need me," and his explanation "they need me because I give them oxycodone," is relevant and probative evidence of his knowledge. Fed.R.Evid. 403. The statement demonstrates that Nikparvar-Fard knew his patients needed oxycodone; stated differently, his patients needed that drug because they were addicted to that drug. There is no evidentiary basis to preclude the United States Marshals from repeating what Nikparvar-Fard said about his patients.

**Question Two: Was the tape recording made in violation of federal law?**

The recording was not made in violation of federal law, and it should therefore be admitted at trial, pursuant to federal statute and long-standing well established case law. The Omnibus Crime Control and Safe Streets Act of 1968 ("the Act"), 18 U.S.C. §§ 2510, et seq., addresses the admissibility of recordings. The purpose of this statute "was effectively to prohibit, on the pain of criminal and civil penalties, all interceptions of oral and wire communications, except those specifically provided for in the Act." *United States v. Giordano*, 416 U.S. 505, 514 (1974). The Act prohibits introduction of evidence obtained in violation of the statute from being "received in evidence in any trial, hearing or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States." 18 U.S.C. § 2515.

Under 18 U.S.C. § 2511(2)(c) "it shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." As such, when a law enforcement officer or a government informant participates in a conversation, and records that conversation without a warrant, courts have repeatedly found there is no violation of Title III or the Fourth Amendment. *United States*

v. *White,* 401 U.S. 745, 749-53 (1971); *United States v. Lee,* 359 F.3d 194, 200 (3d Cir. 2004); and *United States v. Anton,* 933 F.2d 200, 203 (3d Cir. 1991).

Johannes Jarkowsky is a law enforcement officer. He arrested Nikparvar-Fard pursuant to a warrant signed by a federal judge, and he immediately brought Nikparvar-Fard to that federal judge. Jarkowsky was alarmed by Nikparvar-Fard's hate-filled tirade en route to the courthouse, so he recorded what Nikparvar-Fard said. Jarkowsky thereby consented to making this recording because he chose to use his iPhone this way. The "warrantless recording of a conversation with the consent of one of the parties may be admitted into evidence in a federal prosecution, provided the Government introduces clear and convincing evidence of the accuracy of the recording." *United States v. Seibert*, 779 F.Supp. 366, 369 (E.D. Pa. 1991). As detailed in testimony during the motion to suppress, the recording captures statements made by Nikparvar-Fard and the Marshals on August 29, 2017. There is no dispute that Nikparvar-Fard is speaking on this recording, nor is there any dispute that he said these incriminating things.

"[A] person has no legitimate expectation of privacy in conversations with a person who consents to the recording of the conversations." *Lee,* 359 F.3d at 201. And if "a person consents to the presence at a meeting of another person who is willing to reveal what occurred, the Fourth Amendment permits the government to obtain and use the best available proof of what the latter person could have testified about." *Lee, 359 F.3d at* 200. The "best available proof" here is the iPhone recording made by Jarkowsky. Thus, "[w]here one party to the conversation consents to the electronic monitoring, the conversation is admissible." *United States v. Mitlo,* 714 F.2d, 294, 296 (3d Cir. 1983).

The admissibility of this recorded evidence is governed by federal law, and "[s]o long as the information was lawfully obtained under federal law and [meets] federal standards of

reasonableness, it is admissible in federal court despite a violation of state law." *United States v. Armocida,* 515 F.2d 49, 52 (3d Cir. 1975). Accordingly, whatever Pennsylvania law may provide on this matter, the recording by Jarkowsky complied with federal law and should be admitted at this federal criminal trial.

**Third**, **if the recording is admissible under federal law, what part(s) of the recording is the government seeking to introduce?**

The government is seeking to introduce the section of the recording where Nikparvar-Fard and the Marshals says the following:

JJ: How many patients are you going to have after they put it in the newspaper?

MN: Fucking newspaper asshole.

JJ: Oh no.

MN: You handcuff me in front of my patients, first of all my patients will come back here because they need me. You understand me.

JJ: Cause you're at the minute clinic, cause you're at the minute clinic.

TG: They'll never hear what ya call um, all your patients.

MN: Of course, they need me, they need me because I give them oxycodone, they need me. Those ni--er[1] people. They come and they pay me. They pay good. And you assholes can't do nothing.

The government submits there are other sections of the recording that are relevant, and the government will seek to introduce some of those sections. The government will discuss those areas with defense counsel and, if the parties cannot agree on admissibility, the government will present a separate filing to the Court with legal citations supporting its position. The government

---

[1] The government will delete this word in the recording that is played to the jury.

also acknowledges the Court's observation that the written transcript, presented at the motion to suppress on July 15th, needs to be edited in places to fully conform with the statements made during the recording. The government will present an updated transcript after the Court rules on the motion to suppress.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

*/s Jason P. Bologna*
Jason P. Bologna
Mary Kay Costello
Assistant United States Attorneys

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Memorandum has been served on below counsel by electronic filing (ECF) of this document.

Joseph Poluka, Esq.<br>
Ann Querns, Esq.<br>
Frank DeSimone, Esq.<br>
Attorneys for Mehdi Nikparvar-Fard

*/s Jason P. Bologna*
Jason P. Bologna
Mary Kay Costello
Assistant United States Attorneys