### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Criminal No. 18-101-01 |
| | : | |
| MEHDI NIKPARVAR-FARD | : | |
| a/k/a Mehdi Armani | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
NIKPARVAR-FARD'S MOTION TO EXCLUDE CO-DEFENDANTS' STATEMENTS
PURSUANT TO *UNITED STATES V. BRUTON***

**I.    INTRODUCTION**

On January 9, 2019, a Superseding Indictment was filed against Dr. Nikparvar-Fard and twelve other individuals charging that, through the operation of four Advanced Urgent Care ("AUC") facilities, from January 10, 2014 through August 31, 2017, the defendants engaged in maintaining four drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2, and conspiring to unlawfully distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C).  (ECF 14).  A number of Nikpavar-Fard's twelve co-defendants gave detailed statements to law enforcement about the matters charged in the Superseding Indictment.  Each of these statements inculpates Nikpavar-Fard, such that he will be greatly prejudiced without having the opportunity to cross examine the declarants on the content of the statements and to challenge each declarant's credibility.  As a result, Nikpavar-Fard's co-defendants statements must be excluded, unless and until they testify at trial.

1

## II. LEGAL STANDARD

A defendant can be greatly prejudiced when a statement or confession of a co-defendant is admitted at trial against the defendant and the co-defendant does not testify. *See* Fed. R. Crim. P. 14, Advisory Committee Notes. In these instances, the defendant is being deprived of his right "to be confronted with the witnesses against him[,]" as guaranteed by the Sixth Amendment to the United States Constitution. U.S. Const. Amend. VI; *United States v. Bruton*, 391 U.S. 126 (1968); *Crawford v. Washington*, 541 U.S. 36, 68 (2004) ("Where testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailable and a prior opportunity for cross examination). If the Court, during a joint trial, admits an inculpatory statement or confession by a co-defendant who has exercised his right not to testify, the defendant completely loses his opportunity to cross examine his co-defendant. This violates the defendants Sixth Amendment right to confrontation. *Bruton*, 391 U.S. at 127-28. And a limiting instruction to the jury regarding the co-defendant's statement cannot repair the defendant's otherwise violated right, because it will not erase the prejudice. *See* Fed. R. Crim. P. 14, Advisory Committee Notes.

## III. ARGUMENT

A *Bruton* analysis is triggered where an admission of a co-defendant is so "powerfully incriminating" or "devastating" that a limiting instruction fails to adequately safeguard the defendant's Sixth Amendment rights. *United States v. Mckee*, 506 F.3d 225, 249 (3d. Cir. 2007) (quoting *Bruton*, 391 U.S. at 135-36). Here, the Government likely will introduce incriminating

2

statements from two of Dr. Nikparvar-Fard's co-defendants who may not testify at trial,[1] as detailed below:

- **Dr. William DeMedio** (co-defendant on Count III) gave a statement to the DEA on January 16, 2019.  USAO-109614-617.  He stated that he believed that AUC had 80% legitimate pain patients and 20% patients who abused or sold narcotic medication.  USAO-109615.  He also said that he was surprised it took so long for "something like this to happen" (referring to the Superseding Indictment) and that he heard that Dr. Nikpavar-Fard pulled a gun on a federal agent.  USAO-109617.

- **Deborah Cortez** (co-defendant on Counts II, III, and IV), a physicians' assistant, gave a statement to the DEA on January 16, 2019 for more than two hours after agents went to her home and provided her with a copy of the Superseding Indictment.  USAO-109519-529.  She stated that she would discharge patients from the pain management practice and that Dr. Nikpavar-Fard would always bring them back.  USAO-109520-21.

Each of these statements contain exactly the type of "devastating" admissions addressed in *Bruton*.  The statements go directly to the elements of the charges against Nikparvar-Fard and would be powerful evidence that a jury could not compartmentalize, even with a limiting

---

[1] Four of Nikpavar-Fard's other co-defendants also gave incriminating statements, Joanne Rivera (co-defendant on Counts I and V), Dr. Vincent Thompson (co-defendant on Counts I, III, and V), Dr. Marcus William (co-defendant on Counts I-III), and Dr. Frederick Reichle (co-defendant on Counts I-V); however, these individuals either have pled guilty or been terminated as defendants.  Thus, Nikpavar-Fard anticipates that the Government will present these individuals as witnesses to the extent they intend to introduce their statements, thereby eliminating the *Bruton* issue.  To the extent the Government does not intend to call these individuals as witnesses, Nikparvar-Fard would object to the use of any of their statements as set forth in this Motion.

instruction. *See Bruton*, 391 U.S. at 135 ("[T]here are some contexts in which the risk that the jury will not, or cannot follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a co-defendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial.").

The statement of Dr. DeMedio best highlights the prejudice Nikparvar-Fard will face if the statement he gave is introduced. Dr. DeMedio claims AUC was not a legitimate medical practice, an ultimate issue in the case. But, if Dr. DeMedio does not testify, then Nikparvar-Fard will be unable to exercise his Sixth Amendment right to cross examine Dr. DeMedio to show the jury that his entire statement—and all of the powerfully incriminating admissions—should be given little weight.

Because statements like Dr. DeMedio's and Deborah Cortez's "create[] a special, and vital, need for cross-examination," a prosecutor's desiring to offer such evidence must comply with *Bruton*, hold separate trials, use separate juries, or abandon the use of the confession. *Gray v. Maryland*, 523 U.S. 185, 192–95 (1998); *see United States v. Grullon,* 482 F.Supp. 429, 4312 (E.D. Pa. 1979) (granting motion to sever where introduction of defendants' post-arrest statements in consolidated trial would jeopardize co-defendants' rights under *Bruton* and result in prejudice). To date, the Government has not made any indication that it seeks to hold separate trials or use separate juries, and thus it must be prohibited from using Nikpavar-Fard's non-testifying co-defendants' statements.

4

### IV. CONCLUSION

If the Government is permitted to use the statements of Nikparvar-Fard's non-testifying co-defendants, then Nikpavar-Fard's Sixth Amendment right to confront his accusers will be directly violated. Therefore, to directly avoid this prejudice, the statements of Dr. William DeMedio and Deborah Cortez must be excluded, unless and until those individuals testify at trial. As such, Dr. Nikparvar-Fard's Motion should be granted.

Dated: May 6, 2022

**BLANK ROME LLP**

By: /s Joseph G. Poluka
   Joseph G. Poluka (PA Bar No. 42035)
   Joseph.Poluka@BlankRome.com
Ann E. Querns (PA Bar No. 314145)
Ann.Querns@BlankRome.com
One Logan Square
130 N. 18th St.
Philadelphia, PA 19103
Tel: (215) 569-5500

Nicholas R. Tambone (*pro hac vice pending*)
Nicholas.Tambone@BlankRome.com
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 885-5000

      -and-

**FRANK DESIMONE, ESQUIRE**

By: /s Frank DeSimone
   Frank DeSimone (PA Bar No. 12359)
   fdesimone2003@yahoo.com
123 S. Broad St., Suite 2500
Philadelphia, PA 19109
Tel: (215) 567-3507

*ATTORNEYS FOR DEFENDANT MEHDI-NIKPARVAR-FARD*

**CERTIFICATE OF SERVICE**

 I, Ann Querns, hereby certify that, on May 6, 2022, a true and correct copy of the foregoing was served upon all counsel of record via the Court's Electronic Case Filing System.

            /s/ Ann E. Querns
            Ann E. Querns