IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Criminal No. 18-101-01 |
| | : | |
| MEHDI NIKPARVAR-FARD | : | |
| a/k/a Mehdi Armani | : | |

**DEFENDANT NIKPARVAR-FARD'S MOTION TO JOIN DEFENDANT MITCHELL WHITE'S MOTION TO SUSPEND TRIAL DATE**

Defendant Mehdi Nikparvar-Fard, a/k/a Medhi Armani, by his undersigned counsel, respectfully joins in Defendant Mitchell White's Motion to Suspend Trial Date Due to Government Breaches of Fed. R. Crim. P. 16 and *Brady v. Maryland*. (ECF No. 410). Dr. Nikparvar-Fard states as follows:

1. Dr. Nikparvar-Fard joins defendant White's request to suspend the trial date.

2. Similar to defendant White, if not for the Government's late production of evidence, Dr. Nikpavar-Fard was fully prepared to begin trial on May 31, 2022.

3. To elaborate, the Government's late production of more than 75 hours of audio and video recordings includes hours of undercover footage of Dr. Nikpavar-Fard; co-defendant Joanne Rivera, who is a critical witness for the Government; and others at Advanced Urgent Care. Most of the recordings are from 2017 from a previously undisclosed source. The reports related to the recordings indicate that then Assistant United States Attorney Jason Bologna was briefed on the recordings and used information obtained from the previously undisclosed source to obtain a search warrant to search Dr. Nikpavar-Fard's home.

4. That this source went undisclosed until weeks before trial is inexplicable generally, but even more egregious when considering that, in December 2019, Dr. Nikparva-Fard's

counsel specifically wrote to the Government "to confirm that we have all information related to confidential informants" and then had numerous calls with the Government in which counsel was assured that all such materials had been produced. *See* Exhibit A, Dec. 9, 2019 Email from A. Querns to AUSA J. Bologna (redacted).

5. Additionally, the critical patient interviews that defendant White points out as containing clear exculpatory evidence (ECF No. 410 at 5-6) were of a patient who is specifically addressed by the Government's expert witness. Undersigned counsel are concerned that there may be other reports and recordings of patient interviews that have not yet been produced.

6. Furthermore, defendant White did not mention that the Government's late productions also included more than 300 patient files (containing almost 70,000 pages) that were previously "available," but that the Government had refused to reproduce for Dr. Nikpavar-Fard. And the Government just produced over 100 prison calls by Dr. Nikpavar-Fard from 2017.

7. From counsel's limited review of these productions to date, it is evident that the productions include exculpatory evidence that should have been produced years ago, including many instances showing Advanced Urgent Care was providing care to patients. This newly produced evidence will require additional follow-up with the Government to ensure that nothing else has been withheld and through other investigatory avenues to adequately prepare a defense.

8. In fact, as of this writing, the Government still has not provided basic additional information about this newly disclosed source that counsel requested at the May 12, 2022 hearing, such as whether the source had a cooperation agreement or was paid. Reports

related to the source further indicate that the Government could have intervened on the source's behalf in state criminal proceedings or assisted him in obtaining drug rehabilitation treatment. But the Government has yet to provide any additional information about the source.

9. Moreover, Dr. Nikpavar-Fard likely would not have received any of the newly produced evidence by the May 31, 2022 trial date, because of his detained status. Although the Government has sent portions of the recent productions to FDC, in the past it has taken months for FDC to review far smaller productions, before providing them to Dr. Nikparvar-Fard.

10. As defendant White noted, this is not the first time the Government has dumped material on the defendants at the last minute, except that this situation is even more egregious than what occurred in February 2020 before the April 2020 trial date, because the Government had two additional years to "find" this discovery, the volume of discovery produced is far more extensive, the discovery includes exculpatory evidence, and the trial date was even closer in time.

11. Thus, Dr. Nikpavar-Fard joins in defendant White's incredulity that the Government could claim it is ready to proceed to trial on May 31, 2022. It is equally incredulous that the Government represented to the Court in January 2022 that it was ready for trial, when all of this evidence had been withheld, and then waited four more months to produce it. Dr. Nikpavar-Fard agrees that he, too, should not bear responsibility under the Constitution or the Speedy Trial Act for a continuance when it is the Government's actions that necessitated this request.

12. Dr. Nikpavar-Fard waives neither his Sixth Amendment rights to a speedy trial nor his Fifth Amendment rights to due process and the effective assistance of counsel. It is now impossible for these fundamental rights to be met fairly. Like defendant White, Dr. Nikpavar-Fard plans to file a motion to dismiss the superseding indictment, and respectfully requests that the May 31 trial date be suspended while the motion is prepared.

**FOR ALL OF THESE REASONS**, defendant respectfully requests that Defendant Mitchell White's Motion to Suspend Trial Date Due to Government Breaches of *Brady v. Maryland* and Fed. R. Crim. P. 16 be granted and that an ends of justice continuance is not warranted due to the Government's pattern of a lack of diligence.

Dated: May 26, 2022

BLANK ROME LLP
BY:    /s Ann E. Querns
Joseph G. Poluka (PA Bar No. 42035)
Ann E. Querns (PA Bar No. 314145)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Email:  poluka@blankrome.com
aquerns@blankrome.com
Telephone: 215-569-5500

FRANK DESIMONE, ESQUIRE
BY:    /s Frank DeSimone
Frank DeSimone (PA Bar No. 12359)
123 S. Broad St.
Suite 2500
Philadelphia, PA 19109
Email: fdesimone2003@yahoo.com
Telephone:  215-567-3507

*Attorneys for Defendant*
*Mehdi Nikparvar-Fard*

## CERTIFICATE OF SERVICE

I, Ann E. Querns hereby certify that, on May 26, 2022, a true and correct copy of the foregoing was served upon all counsel of record via the Court's Electronic Case Filing System.

                                                    /s/ Ann E. Querns  
                                                    Ann E. Querns