# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

*Direct Dial: (215) 861-8499*
*Facsimile: (215) 861-8618*
*E-mail Address: jason.bologna@usdoj.gov*

615 Chestnut Street
Suite 1250
Philadelphia, Pennsylvania 19106-4476
(215) 861-8200

February 7, 2019

Joseph Poluka, Esq.
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Tom Ivory, Esq.
1500 Market Street
Suite 1200
Philadelphia, PA 19102

Brian McMonagle, Esq.
McMonagle, Perri, McHugh & Mischak
1845 Walnut Street, 19th Floor
Philadelphia, PA 19103

Hope Lefeber, Esq.
2 Penn Center, Suite 1205
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

Jack McMahon, Esq.
139 North Croskey Street
Philadelphia, PA 19103

Lawrence Bozelli, Esq.
211 North 13th Street
Philadelphia, PA 19107

Carmen C. Nasuti, III, Esq.
1500 Market Street, Suite 2727
Philadelphia, PA 19102

Frank DeSimone, Esq.
1880 John F. Kennedy Boulevard
Suite 600
Philadelphia, PA 19103

Susan Lin, Esq.
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106

Rhonda Lowe, Esq.
3553 West Chester Pike
Suite 126
Newtown Square, PA 19073

Jeremy Alva, Esq.
1520 Locust Street
Suite 700
Philadelphia, PA 19102

Kevin Birley, Esq.
2 East Penn Square, Suite 1313
Philadelphia, PA 19102

David Bahuriak, Esq.
518 South 3rd Street
Philadelphia, PA 19147

Re: **United States v. Mehdi Nikparvar-Fard, et. al.**
**Criminal No. 18-101**
**Discovery Production One – Patient Files and Expert Report**

Dear Counsel:

I am enclosing 2 CDs that contain discovery in the above-captioned case. Please note that you will need to use the password ▓▓▓▓▓▓▓▓▓▓ to open these discs, as well as all

future discovery productions.

On Disc 1, you will find an expert report and Advanced Urgent Care (AUC) pain management patient files. The Bates numbers for this discovery begin at USAO-000001 and end at USAO-031038.

On Disc 2, you will find additional AUC pain management files (that are referenced in the expert's report). The Bates numbers for this discovery begin at USAO-031039 and end at USAO-067956.

If you have any difficulty finding any of the information contained on these 2 CDs, please call me immediately. Please note that we are producing the patient files in the condition they were found in (when seized via federal search warrants). Also, please note that some AUC pain management patients have multiple files. You will see many examples of this on the 2 CDs.

This is the first in a series of discovery productions in this case. To the extent possible, I will try to produce discovery in batches that will be mailed approximately every two weeks. I hope to complete the vast majority of discovery production by the middle of March.

A significant amount of work has already been done on forthcoming discovery productions. Some of the discovery is subject to additional legal requirements (e.g., redactions on certain paperwork). We are working to address these issues, and I anticipate providing additional discovery to you in the near future.

The government acknowledges its duty to produce Brady material.

Jencks material will be produced six weeks before trial.

I anticipate there will be Fed.R.Evid. 404(b) materials, and I will write separately at a later date to address the specific evidence the government will seek to admit at trial.

Pursuant to Rule 16(b), the government demands prompt reciprocal production of documents, tangible objects and reports of examinations and tests as defined in that Rule.

The government demands reciprocal disclosure of Jencks materials per Rule 26.2 and United States v. Nobles, 422 U.S. 225 (1975).

Your client is charged with offenses, the time, date and place of which are detailed in the charging document. Pursuant to Rule 12.1, the government demands prompt written notice of any defense alibi within ten (10) days of the receipt of this demand. This notice should detail the specific place or places at which the defendant claims to have been at the time of the offense and the names and addresses of all witnesses upon whom the defendant intends to rely to establish such an alibi.

Pursuant to Rule 12.2, the government demands prompt written notice of any planned insanity or mental defect defense, and/or expert testimony of the defendant's mental condition.

The government demands prompt notice of any entrapment defense per <u>United States v. Levin</u>, 606 F.2d 47, 49 (3d Cir. 1979).

Components of the Department of Justice, including this Office, periodically post content on social media websites such as Twitter. These social media websites may allow members of the public to post publicly accessible, user-generated comments in response to the Department's postings. This Office does not own these social media websites or control user-generated comments. Nor does this Office regularly moderate, censor, monitor, review, or delete any user- generated comments in the ordinary course. Of course, you may directly access these websites at your convenience in the event you believe they may contain information that is relevant to this case.

The government is willing to discuss a possible pretrial disposition of this matter involving a guilty plea to the charges listed in the Indictment. This does <u>not</u> constitute an offer. All such discussions are contingent on the approval of the United States Attorney.

Thank you for your time and attention in this matter.

Sincerely yours,

WILLIAM M. MCSWAIN
United States Attorney

JASON P. BOLOGNA
SETH SCHLESSINGER
Assistant United States Attorneys