# EXHIBIT D

# Querns, Ann E.

| | |
|---|---|
| **From:** | Bologna, Jason (USAPAE) <Jason.Bologna@usdoj.gov> |
| **Sent:** | Wednesday, July 17, 2019 3:10 PM |
| **To:** | Querns, Ann E. |
| **Cc:** | Poluka, Joseph G.; Frank Desimone; Scott, Syreeta - OIG |
| **Subject:** | RE: US v. Nikparvar-Fard - Discovery Issues Follow-Up |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Ann,

I am writing to address your e-mail (see below).

Regarding Issue One, this afternoon I spoke with the case agent (Syreeta Scott, cc'd here). She will assemble all "available" materials in next day or two and I will follow-up then. Please note that certain items (e.g., N114 and N115) are DVRs and we cannot pass them to you. You can inspect them. Please note that I am also confused about items you said were passed (N45, N51, N80, N90, and N91) but could not find on the disks. According to our review of the spreadsheet, those items were available. Please advise.

Regarding Issue Two, I think the most efficient approach is to copy the disks that were sent to Dr. Thomas and to give those disks to you. You have provided a list of patient files that you think Dr. Thomas had access to. If you get the disks he got (minus the Jencks material), I think that should address your concerns.

Regarding Issue Three, we are in the process of getting the signature book. And, we will pass Jencks material six weeks before trial.

Regarding Issue Four, I have spoken to the case agent and she has spoken to the DEA evidence custodian. The DEA group supervisor is on vacation this week and returns on Monday. I will e-mail him (separately) and try to meet with him on Monday as he is the DEA employee who will decide how to resolve this issue. We hope to have a conference call with you all before you leave for vacation. That said, the short list of issues we see that need to be discussed include: (A) defendant pays for this reproduction, but when, how, and how much will it cost; (B) who actually does the reproduction (3rd party); (C) what oversight the DEA will have on this process; (D) whether there needs to be a "waiver" by other defendants because we are providing this evidence to you all (temporarily) and they will not have access to it, should they request it; and (E) what chain of custody issues need to be flagged and waived by you and the co-defendants before we can give it to you. As I said on the phone, this is a big "ask" given the many legal issues involved.

Regarding Issue Five, I am sorry that the FDC is making that communication difficult. As I indicated on the phone, I understand why you all want to speak that way, but I obviously cannot tell the prison how to handle the prison's business.

Hope that addresses your questions/concerns, albeit temporarily. I will follow-up in the next few business days.

Sincerely,
Jason

**From:** Querns, Ann E. <AQuerns@blankrome.com>
**Sent:** Monday, July 15, 2019 9:26 PM
**To:** Bologna, Jason (USAPAE) <JBologna@usa.doj.gov>
**Cc:** Poluka, Joseph G. <POLUKA@BlankRome.com>; Frank Desimone <fdesimone2003@yahoo.com>
**Subject:** US v. Nikparvar-Fard - Discovery Issues Follow-Up

Jason,

As a follow-up to our call today, I summarized our discussion on each issue below and provide the supplement information we discussed.  Let me know if you disagree with anything or if I left anything out.  Thanks!

Best,
Ann

Issue 1:  Request for additional items on discovery chart – We would like access to the following items.  These are items that were mostly listed as "available" on your chart, however a few were listed as "passed" but were not in the discovery materials provided (or we could not located them):  N9, N10, N22, N23, N26, N27, N28, N29, N32, N36, N37, N45, N51, N58, N80, N82, N90, N91, N114, N115, N202, N618.  Please let us know what you need from us to facilitate obtaining these items.

- Defendant provided a list of those items that were listed as passed but we were unable to locate.  The Government will confirm whether these materials were passed.
- The Government will confer with the Agent Scott and make the materials listed available.  The goal will be to make them available in approximately 7-10 days.

Issue Two:  Status of charts for patients listed in the Government's expert report – Last time we spoke, you indicated that you thought all records related to the patients referenced by your expert were produced, regardless of whether the expert relied upon it.  We do not think that was the case.  You were going to check.  Please let us know if there is any updated on that issue.  We have a list of the charts we believe are missing, if that would be helpful.

- The Government agrees that Defendant is entitled to all charts related to the patients mentioned Dr. Thomas's report, even it those charts were not relied upon.
- Defendant agreed to provide a list of those chart he believes he does not have.  Here is the list:
    - Charts missing from a specific location and a specific year:





- Charts missing from a specific year:



- Charts missing:



Topic 3: Other materials relied upon by expert – Your expert lists the materials on which he relied on forming his opinion.  We have received some of these materials, but it does not appear that we received all of it.  Do you plan to provide all the materials?  If so, what is your anticipated timeline?

3

- The Government will provide the sample signatures listed on page seven of Dr. Thomas's report.
- The Government has provided some of the information listed on pages 5-7 of Dr. Thomas's report. Those materials that have not yet been provided, are Jenks materials and will be provided six weeks before trial.

Topic 4: Remaining patient charts – It is our position that we need all of the patient charts you seized from AUC. Realizing this is a significant undertaking, we would like to discuss how to best accomplish this task.

- The Government will schedule a call with the agents from the DEA so the parties can discuss how to best address this issue.
- Defendant's counsel is available tomorrow before 2 pm, all day Wednesday, Friday at 9:30 am, Monday and Tuesday (7/23 and 7/24) at 9:30 am. Let me know if you need more dates/times. I am on vacation from Thursday – Wednesday, which is the reason for the random times. If there is a specific date/time that works for everyone else, I'll can see what I can do.

Topic 5: Calls with Expert.

- After our call today, I exchanged additional emails with FDC about the logistics of our request. I did not at all reference the conversation we had this morning or your position/consent to such calls. In providing additional details to FDC, it has become clear that it will not permit a call between attorneys, expert, and inmate. Rather, it is insisting upon both counsel and the expert visiting the inmate. Given that our expert is located out of state, this is a significant impediment. Our next thought is to let Judge Pratter know about the issue to see if we can obtain a special accommodation for such calls to occur. Please let me know if you have any other ideas or if you object to our informing Judge Pratter.

**Ann E. Querns** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5674 | F: 215.832.5674 | aquerns@blankrome.com

****************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

****************************************************************************************