# EXHIBIT K



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

*Direct Dial: (215) 861-8499*
*Facsimile: (215) 861-8618*
*E-mail Address: jason.bologna@usdoj.gov*

March 9, 2020

Joseph Poluka, Esq.
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Frank DeSimone, Esq.
1880 John F. Kennedy Boulevard
Suite 600
Philadelphia, PA 19103

Ann Flannery, Esq.
Law Offices of Ann C. Flannery
1835 Market Street, Suite 2700
Philadelphia, PA 19103

Susan Lin, Esq.
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106

Brian McMonagle, Esq.
McMonagle, Perri, McHugh & Mischak
1845 Walnut Street, 19th Floor
Philadelphia, PA 19103

Rhonda Lowe, Esq.
3553 West Chester Pike
Suite 126
Newtown Square, PA 19073

Benjamin Cooper, Esq.
1520 Walnut Street, 22nd Floor
Philadelphia, PA 19102

Rocco C. Cipparone, Esq.
203-205 Black Horse Pike
Haddon Heights, NJ 08035

Lawrence Bozelli, Esq.
211 North 13th Street
Philadelphia, PA 19107

David Bahuriak, Esq.
518 South 3rd Street
Philadelphia, PA 19147

Richard J. Fuschino, Esq.
1600 Locust Street
Philadelphia, PA 19107

Kevin Birley, Esq.
2 East Penn Square, Suite 1313
Philadelphia, PA 19102

**Re: Discovery Production Four – Jencks, Cooperating Defendants, et. al.**

Dear Counsel:

I am providing **Jencks** material in this discovery production for *United States v. Mehdi Nikparvar-Fard, et. al.,* Criminal No. 18-101. To assist you in reviewing these materials, I have included three lists with this mailing. First, a spreadsheet notes the name of the person who was interviewed, the date of the interview, and the federal agency who documented the interview. Second, a summary of the grand jury presentment notes the person(s) who testified, the date(s) of their testimony, and the grand jury exhibits. Please note you are being provided all of the grand jury testimony and all of the exhibits listed in this summary. Third, a summary of investigations by the Pennsylvania Department of State that relate to AUC and/or people charged in the superseding indictment. The Department of State interviews reference attachments (e.g., a patient's file) that have a specific number (e.g., Attachment 4). Please note

that you are being given all of the interviews from the Department of Statement. If you want any of the attachments identified within the interviews, please let me know and I will produce them separately.

There is a pending motion by the government (D.D.E. # 187) for a protective order against Mehdi Nikparvar-Fard relating to the **Jencks** materials. This motion does not apply to any other defendant.

**Cooperating Defendants**



The following four individuals have pled guilty and agreed to cooperate with the government: (1) In addition to **Jencks** material from these individuals, you will also find the following materials enclosed:

(1) (Criminal Information, Cooperation Guilty Plea Agreement, Criminal Extract)

(2) (Criminal Information, Cooperation Guilty Plea Agreement, Criminal Extract)

(3) (Cooperation Guilty Plea Agreement, Criminal Extract)

(4) (Cooperation Guilty Plea Agreement, Criminal Extract)

Please note a fifth individual is scheduled to plead guilty on March 9, 2020, at 3:00 pm. This person is charged in the superseding indictment and has agreed to cooperate with the government. I will identify that individual and produce his/her plea agreement and criminal extract after the guilty plea is entered. You will get those documents in a separate mailing.

**Reverse Proffers**



**Confidential Sources**

The investigation utilized confidential sources ("CS") at various times. Below, I have noted the benefits, if any, that were provided in conjunction with the use of the CS.

CS XX-XXX171 - The CS has not been paid any money or received any benefits during the time registered as a DEA CS. No payments were made or benefits provided by DEA to any member of the CS's family.

CS XX-XXX124 - The total payments and benefits given to the CS during the time registered as a CS with the DEA Philadelphia Division is $200.00. No payments were made or benefits provided by DEA to any member of the CS's family.

CS XX-XXX751 - The total payments and benefits given to the CS during the time registered as a CS with the DEA Philadelphia Field Division is $1,740, all of which was paid in the instant case as follows:

| | | |
|---|---|---|
| 1/24/17 | $300 | Reimbursement for Expenses |
| 1/11/17 | $400 | Reimbursement for Expenses |
| 1/11/17 | $300 | Reimbursement for Expenses |
| 12/4/16 | $300 | Reimbursement for Expenses |
| 11/16/16 | $440 | Reimbursement for Expenses |

CS XX-XXX355 - The CS has not been paid any money or received any benefits during the time registered as a DEA CS. No payments were made or benefits provided by DEA to any member of the CS's family.

CS-XX-XXX359 - The total payments and benefits given to the CS during the time registered as a CS with the DEA Philadelphia Field Division is $600, all of which was paid in the instant case as follows:

| | | |
|---|---|---|
| 1/19/18 | $300 | Reimbursement for Expenses |
| 8/3/17 | $300 | Reimbursement for Expenses |

CS-XX-XXX168 - The total payments and benefits given to the CS during the time registered as a CS with the DEA Philadelphia Field Division is $72,540. This amount includes all of the following payments and other benefits received in this case, which is $800. This consists of the following:

| | | |
|---|---|---|
| 8/18/14 | $400 | Reimbursement for Expenses |
| 8/12/14 | $400 | Reimbursement for Expenses |

CS XX-XXX658 - The CS has not been paid any money or received any benefits during the time registered as a DEA CS. No payments were made or benefits provided by DEA to any member of the CS's family.

**Criminal Extracts**

If the government intends to call a witness at trial, we will produce a criminal extract for that witness one week before trial begins. Assuming the witness has a criminal conviction that is admissible under the Federal Rules of Evidence and relevant case law, the government will stipulate to that conviction. Stated differently, there is no need for you to subpoena certified criminal records.

At trial, witness testimony may become necessary based on the progression of the case (even though it did not appear necessary before trial). Accordingly, the government reserves the right to call any/all civilian witnesses identified in the **Jencks** materials. If we "add" a witness during the trial, we will provide a criminal extract (if the witness has one) and follow the procedure outlined in the above paragraph.

**Excel Spreadsheet – Count Five**

You will find an Excel spreadsheet detailing the prescriptions that are part of Count Five (i.e., the [REDACTED]l conspiracy). The spreadsheet lists the name of the patient, date of the prescription, drug prescribed, dosage of that drug, quantity of that drug, and the individual who pre-signed the prescription for [REDACTED]. You will find copies of the prescriptions in grand jury exhibits 14 - 20.

**Stipulations**

I will write separately to address proposed stipulations regarding the introduction of evidence at trial. If you believe there are stipulations that would assist you, please call me to discuss. In a case with this number of defendants and volume of evidence, I believe we can all work together to streamline the presentation of necessary evidence.

**Dr. Stephen Thomas**

I have included an updated CV from Dr. Stephen Thomas, the government's expert witness in this matter. I have also included a copy of a PowerPoint presentation that Dr. Thomas gives in cases where he testifies concerning the prescription of opioids. The government intends to present this information through Dr. Thomas's testimony.

**Patient File**

The patient file for [REDACTED] (DOB 8/17/67) is included here. In Discovery Production Three, a file for [REDACTED] (with a different date of birth) was included.

**News Coverage of AUC/Dr. Mehdi Nikparvar-Fard**

[REDACTED] The selection of a jury will need to address the publicity this investigation has generated. This video is one example.

**Timely Notification**

The government has been, and will continue to, prepare for trial. We will agree to a one-level reduction for timely notification (USSG § 3E1.1(b)) if you notify us of your client's intent to plead guilty two weeks before trial begins. With a trial date of April 20th, we need to hear from you by April 6th at the latest. After that point, we will not agree to a one-level reduction for timely notification.

I am available to answer any questions you have about this letter or these discovery materials. Thank you for your time and attention in this matter.

Sincerely yours,

WILLIAM M. MCSWAIN
United States Attorney

JASON P. BOLOGNA
CHRISTOPHER DIVINY
Assistant United States Attorneys

**Exhibit Provided to Court Under Seal**