# EXHIBIT O



U.S. Department of Justice

*United States Attorney*

*Eastern District of Pennsylvania*

| | |
|---|---|
| *Christopher E. Parisi* | *615 Chestnut Street* |
| *Direct Dial: (215) 861-8467* | *Suite 1250* |
| *Facsimile: (215) 861- 8618* | *Philadelphia, Pennsylvania 19106-4476* |
| *E-mail Address:  Christopher.Parisi@usdoj.gov* | *(215) 861-8200* |

August 24, 2022

Ann Querns, Esq.
Via Email

      Re:    United States v. Nikparvar-Fard
            Criminal No. 18-101

Dear Ms. Querns:

    I write in response to your recent letter regarding discovery. We are preparing a supplemental production that includes some of your requests. In the order of your requests:

1) You have not identified which files in the Highland Campbell Conspiracy production have disparate page counts, so I am unable to provide further information regarding those files. In any event, the physical files are the evidence that will be marked as exhibits at trial.
2) An Excel copy of the Loretta Brown PDMP data will be in the next production.
3) The government has now twice produced to you the Philadelphia Police report numbered DC-2017-19-048095. Once in discovery, and again via email on June 10, 2022. This document is USAO-131339 in your discovery material.
4) You request is unclear; I am unaware of any interviews of Dan Soefling by Upper Moreland Police.
5) The government provided you with copies of the video recording in its possession. Your reference to a timestamp is not clear; please let me know which portion of your video is missing.
6) The government is not obligated to provide you with information regarding confidential sources who are not trial witnesses. Likewise, the government is not obligated to provide you with information about compensation paid to any sources who are not trial witnesses.
7) Consensual recordings made by Joanne Rivera will be included in the next production.
8) Khadija Rahim did not make any recordings.
9) The government provided you with the copy of the "In re Benasutti" document in its possession. No replacement is available.
10) The government will provide you with criminal histories of any trial witnesses the week before trial.
11) The government does not have any additional audio or video recordings for the ID09, ID11, ID15, ID17, ID22, ID24, ID29, or ID30 files that you referenced.
12) CHS 84328 text messages will be included in the next production.

13) Without more information, I cannot respond to your request regarding "N76" or "N77."
14) As I have previously explained to you, the government is not obligated to provide you with information regarding confidential sources who will not be called as witnesses. The government is likewise not obligated to provide the defense with information about any source's cooperation in unrelated and ongoing investigations.
15) We reviewed the recording previously provided and identified as ID26. This recording was from an unrelated investigation and was inadvertently provided to you in discovery. It does not involve any of the same sources or subjects and you can disregard it.

Mr. DeSimone previously notified the government that defendant Nikparvar-Fard retained an expert who would contradict Dr. Thomas' opinions. To date, the government has not received a copy of the expert's CV or any written report. Pursuant to Rule 16(b)(1)(C), the government requests a copy of the expert's most recent CV and any written reports, including a written summary describing the expert's opinions, the bases and reasons for those opinions, and the witness's qualifications.

      Sincerely yours,

      JACQUELINE C. ROMERO
      United States Attorney


      s/Christopher E. Parisi
      Christopher E. Parisi
      Assistant United States Attorney