IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 18-101-1 |
| MEHDI NIKPARVAR-FARD, a/k/a<br>MEHDI ARMANI | : |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
RECONSIDERATION OF COURT'S ORDER DENYING MOTION TO SUPPRESS**

**I.   INTRODUCTION**

Defendant Nikparvar-Fard seeks reconsideration of this Court's previous suppression ruling based upon an incorrect claim that the government did not produce relevant reports and testimony in a timely fashion.  D.D.E. 463. In support, defendant cites irrelevant caselaw. In any event, defendant cannot meet his high burden to warrant reconsideration as there is no new evidence for this Court to consider, and the discovery provided by the government after the suppression hearing is inadmissible. The government respectfully requests this Court deny defendant's motion for reconsideration.

**II.   BACKGROUND**

On December 19, 2018, Mehdi Nikparvar-Fard ("Nikparvar-Fard") was arrested on a one-count indictment charging a violation of 21 U.S.C. § 846.  On January 9, 2019, a grand jury returned a five-count superseding indictment charging Nikparvar-Fard, and twelve additional defendants, with violations of 21 U.S.C. § 856, 18 U.S.C. § 2, and 21 U.S.C. § 846.  The charges arise from the defendant's operation of four Advanced Urgent Care (AUC) facilities located in the Eastern District of Pennsylvania.  The defendant is accused of maintaining these businesses for the purpose of illegally distributing controlled substances outside the usual course of

professional practice and for no legitimate medical purpose and conspiring with certain employees to illegally distribute controlled substances to the public.

On September 12, 2019, defendant filed a motion to suppress statements he made to several Deputy United States Marshals ("DUSM") during an unrelated arrest which occurred in August 2017. In December 2019, the government filed a response, and the defendant thereafter filed a reply. On March 9, 2020, the government provided defendant's counsel with a discovery production containing *Jencks* material. This production included a written report drafted by DEA Special Agent Daniel Soeffing outlining his interview of DUSMs Thomas Gabriel, John Grandison, and Johannes Jarkowsky detailing the defendant's behavior during his August 2017 arrest. Although the production was voluminous and contained dozens of witness statements, the government provided counsel with an addendum that identified each statement by name of witness, date of interview, agency, and the number associated with the scanned file. Additionally, Agent Soeffing's report, like the rest of the production, was Bates labeled.[1]

Nearly a year after the government's production of Agent Soeffing's report, on January 22, 2021, defendant Nikparvar-Fard filed a supplemental reply related to the suppression motion. On July 15, 2021, the Court held a hearing on the motion to suppress during which DUSM John Grandison testified at length and was cross-examined. Thereafter the parties filed supplemental briefs. On September 14, 2021, the Court denied defendant's motion to suppress. On May 4, 2022, the government provided counsel with additional supplemental discovery material, including a *Jencks* production of Agent Soeffing's testimony before the grand jury. In that testimony he summarized the interaction between defendant and DUSMs and played an audio

---

[1] USAO-128666 – USAO-128669

recording of the defendant's statements. It is this production of grand jury testimony that the defendant now cites as the basis for this Court to reconsider its previous ruling.

## III. DISCUSSION

Defendant moves this Court for an order reopening the suppression hearing so he may call Agent Soeffing as a witness and introduce Agent Soeffing's grand jury testimony. Defendant claims this testimony is "directly relevant" to the Court's review of the suppression issues but does not go so far as to claim that the outcome of the hearing would be different. D.D.E. 463 at 4.

In support of this unusual request, the defendant incorrectly cites *United States v. Fiorelli*, 337 F.3d 282 (3d Cir. 2003) and Federal Rules of Civil Procedure 59 and 60 as controlling this Court's review of a motion to reconsider. *Fiorelli* addressed the time constraints and requirements for motions to reconsider in § 2255 proceedings. Notwithstanding the defendant's incorrect reliance upon *Fiorelli*, this Court may properly reconsider its previous ruling if "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Butler v. Pa. Bd. of Probation & Parole*, 613 Fed. App'x. 119, 125 (3d Cir. 2015) (quoting *Max's Seafood Cafe by. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Here the defendant claims "no reports related to the interviews of the Marshals that Special Agent Soeffing and the DEA conducted have been produced." D.D.E. 463 at 4. Defendant further argues the government's purported failure to produce this report, and late production of Agent Soeffing's grand jury testimony, constitute the

sort of new evidence which would permit this Court to reconsider or reopen the suppression hearing under the second prong of the *Butler* test.

The defendant's reliance upon "new evidence" is misplaced. "[N]ew evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.,* 602 F.3d 237, 252 (3d Cir. 2010). On March 9, 2020, the government produced Agent Soeffing's report of interview of the DUSMs to the defendant. While this report was not produced until after the defendant's motion to suppress was filed, it was nevertheless in his possession nearly a year before the defendant filed his supplemental reply, and 493 days before the hearing on the motion to suppress. The defendant had ample opportunity to review and incorporate whatever information he felt was relevant at the hearing, yet he failed to do so.

Even if this report was new evidence, any attempt to introduce it at a suppression hearing would fail. "[A] 'third party's characterization" of a witness's statement do not constitute a prior statement of that witness unless the witness has subscribed to that characterization." *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992) (*quoting United Sates v. Leonardi*, 623 F.2d 746, 757 (2d. Cir. 1980)). The burden of proof that a witness has adopted a note-taker's characterization falls on the party seeking to introduce the notes. *Id*. There is no evidence that the DUSMs ever reviewed or adopted Agent Soeffing's report, therefore it would be improper to allow their impeachment with the report.

The defendant's attempt to cast Agent Soeffing's grand jury testimony as admissible new evidence is likewise misplaced. Agent Soeffing was not present in August 2017 when the defendant was arrested and made the recorded statements that were the focus of the suppression motion. Agent Soeffing's grand jury testimony was nothing more than a summary to the grand

jury of his report, itself a summary of the DUSMs' statements. Absent a showing Agent Soeffing had relevant information – a showing the defendant cannot make – there would have been no basis to call him as a witness at the suppression hearing.

IV.   **CONCLUSION**

A district court should be "loathe to [revisit its earlier decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice. *Durst v. Durst*, 663 Fed. App'x. 231, 237 (3d Cir. 2016) (quoting *Lesende v. Borrero*, 752 F.3d 324, 339 (3d Cir. 2014)). As the defendant failed to identify any new evidence previously unavailable to him, and Agent Soeffing's testimony is neither new evidence nor relevant to the Court's inquiry, he cannot meet his burden. Accordingly, the government respectfully requests that the Court deny the Defendant's Motion for Reconsideration of Suppression.

    Respectfully submitted,

    JACQUELINE C. ROMERO
    United States Attorney


    */s/ Christopher E. Parisi*
    CHRISTOPHER PARISI
    MARY KAY COSTELLO
    Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Response was served by electronic filing (ECF) on the following defense counsel:

Joseph Poluka, Esq.
Frank DeSimone, Esq.
Ann Querns, Esq.
Counsel for Mehdi Nikparvar-Fard


 */s/ Christopher E. Parisi*
CHRISTOPHER E. PARISI
Assistant United States Attorney


Date: October 28, 2022