## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MEHDI NIKPARVAR-FARD** | : | **No. 18-101-1** |
| **a/k/a "Mehdi Armani"** | : | |

### MEMORANDUM

PRATTER, J.                                                    DECEMBER 22, 2022

Defendant Mehdi Nikparvar-Fard, a medical doctor, was charged, along with several co-defendants, with violations of 21 U.S.C. §§ 856(a)(1), 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. On September 14, 2021, the Court denied Dr. Nikparvar-Fard's motion to suppress statements he made to the United States Marshals during his arrest on August 29, 2017. Now, Dr. Nikparvar-Fard has filed a motion for reconsideration of that suppression ruling. He argues that evidence newly produced by the Government should have been brought before the Court for consideration during the suppression hearing. Upon review of Dr. Nikparvar-Fard's motion and the Government's response thereto, the Court denies the motion for reconsideration for the reasons that follow.

### BACKGROUND[1]

Dr. Nikparvar-Fard operated four Advanced Urgent Care (AUC) facilities located within the Eastern District of Pennsylvania. He stands accused of maintaining the facilities for the purpose of illegally distributing controlled substances outside the usual course of professional practice and

---

[1] The Court's complete findings of fact are set forth in the Court's September 14, 2021 memorandum on Dr. Nikparvar-Fard's original motion to suppress. *See United States v. Nikparvar-Fard*, No. 18-cr-101-1, 2021 WL 4170615, at *1–3 (E.D. Pa. Sept. 14, 2021). Because the Court writes primarily for the benefit of the parties, familiarity with the Court's previous findings of fact are assumed, and only the facts relevant to the present motion for reconsideration are presented herein.

not for legitimate medical purposes, as well as conspiring with certain employee co-defendants to illegally distribute controlled substances to the public.

On August 29, 2017, during an unrelated arrest, Dr. Nikparvar-Fard had made certain incriminating statements regarding his oxycodone prescribing practices to three U.S. Marshals—John Grandison, Johannes Jarkowsky, and Thomas Gabriel—as they drove him to the Federal Courthouse in Philadelphia. During the half-hour drive, Dr. Nikparvar-Fard began lambasting the Marshals, unleashing homophobic and racial slurs, and threatening to pay someone to shoot Marshal Jarkowsky. Marshal Jarkowsky recorded most of Dr. Nikparvar-Fard's statements during the drive. Importantly, the three Marshals never read Dr. Nikparvar-Fard his *Miranda* rights.

On January 9, 2019, a grand jury charged Dr. Nikparvar-Fard and twelve other co-defendants with four counts of maintaining drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2, and one count of conspiracy to unlawfully distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). On September 12, 2019, Dr. Nikparvar-Fard filed a motion to suppress the statements made to the Marshals during his arrest, arguing that he had been subjected to custodial interrogation without having been read his *Miranda* warnings. The Government filed a response to the motion on December 2, 2019. Dr. Nikparvar-Fard filed an initial reply on December 23, 2019.

While those motions were pending, the Government produced voluminous discovery, including *Jencks* material, to Dr. Nikparvar-Fard's counsel on March 9, 2020. Included in this production was a written report prepared by Drug Enforcement Administration Special Agent Daniel Soeffing, which summarized his interview of Marshals Gabriel, Grandison, and Jarkowsky about Dr. Nikparvar-Fard's August 2017 arrest. The Government provided Dr. Nikparvar-Fard's counsel with an addendum for the discovery, identifying each statement by witness name,

2

interview date, and agency, and Special Agent Soeffing's report was Bates labeled as USAO-128666–USAO-128669.

On January 22, 2021, Dr. Nikparvar-Fard filed a supplemental reply to the suppression motion. The Court then held a hearing on the motion to suppress on July 15, 2021, during which the Government presented live testimony from Marshal Grandison and audio recordings from Marshal Jankowsky's phone. After accepting supplemental briefs, the Court denied Dr. Nikparvar-Fard's motion to suppress the statements on September 14, 2021. *Nikparvar-Fard*, 2021 WL 4170615, at *8. In its memorandum opinion, the Court found that the incriminating statements spoken by Dr. Nikparvar-Fard were volunteered by him, and not the product of custodial interrogation. *Id.* at *6.

Several months later, on May 4, 2022, the Government produced additional discovery material, this time including a *Jencks* production of Agent Soeffing's September 27, 2017 testimony before the grand jury. Special Agent Soeffing had summarized Dr. Nikparvar-Fard's interaction with the three Marshals and played the audio recording of Dr. Nikparvar-Fard's statements.

Dr. Nikparvar-Fard argues that Special Agent Soeffing's grand jury testimony ought to have been produced prior to the hearing on his motion to suppress for the Court's consideration. He avers that the interview memoranda should have been incorporated into the record and used during cross-examination of the testifying marshals. Plus, he says, his counsel lost an opportunity to call Special Agent Soeffing to the stand to testify about the circumstances that that made the Marshals unable to follow normal procedure and whether the Marshals had escalated the situation during the August 2017 arrest. Dr. Nikparvar-Fard argues that the Court should therefore

reconsider its decision, order the Government to produce any lingering documents relating to interviews with the arresting Marshals, and permit a new hearing on the motion to suppress.

## DISCUSSION

A movant must meet a high standard to prevail on a motion for reconsideration. *Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004). Judicial economy and interests in finality demand that motions for reconsideration be granted "sparingly." *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). A motion for reconsideration should not be a vehicle "for addressing arguments that a party should have raised earlier." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (quoting *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009)) (internal quotation marks omitted).

Instead, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). The movant must show one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Dr. Nikparvar-Fard's motion for reconsideration is premised upon a theory of newly discovered evidence. He argues that the evidence relating to Special Agent Soeffing's grand jury testimony produced in May 2022 was directly relevant to his motion to suppress and should have been produced before the suppression hearing so that he could bring the evidence before the Court for consideration. He also initially posited that no DEA reports relating to interviews of the arresting Marshals were ever produced by the Government.

Evidence, however, "is not 'newly discovered' when it was known or could have been known by the diligence of the defendant or his counsel." *United States v. Bujese*, 371 F.2d 120,

4

125 (3d Cir. 1967). Here, the Government produced Special Agent Soeffing's report of his interview with Marshals Grandison, Jarkowsky, and Gabriel in March 2020, nine months before Dr. Nikparvar-Fard filed his January 22, 2021 supplemental reply in the motion to suppress, and well over a year before the Court's suppression hearing.[2] Dr. Nikparvar-Fard or his counsel thus could have known or discovered the content of that report through reasonable diligence, and they had a significant opportunity to incorporate the information contained therein at the suppression hearing or to call Special Agent Soeffing to the stand.

But even if the grand jury testimony related to the Special Agent Soeffing report were to be deemed newly discovered evidence, its late production would not merit the Court's reconsideration. "[R]econsideration is only appropriate if the asserted factual errors are material to the initial decisions such that they would make a difference in the outcome." *United States v. Pride*, No. 16-cr-68, 2021 WL 4340551, at *2 (W.D. Pa. Sept. 23, 2021). As the Court stated in its memorandum, in ruling on Dr. Nikparvar-Fard's motion to suppress, it "evaluated the credibility of the testifying Marshal, the contents of the recordings [of Dr. Nikparvar-Fard's statements], and the circumstances under which they were made" before determining that the "incriminating statements were not the product of custodial interrogation." *Nikparvar-Fard*, 2021 WL 4170615, at *1, *6. The Court found that the Marshals did not prod Dr. Nikparvar-Fard for information about his prescribing practices, had no information at all at the time of arrest of the DEA's investigation of the AUC facilities, and had no reason to believe that calling Dr. Nikparvar-Fard a "criminal" after he physically threatened the Marshals would prompt him to admit to drug-

---

[2]      Although Dr. Nikparvar-Fard states in his motion for reconsideration that "no reports related to the interviews of the Marshals that Special Agent Soeffing and the DEA conducted have been produced," Mot. for Reconsideration, Doc. No. 463-1 at 4, he did not contest the Government's allegation that the report was produced in March 2020 with Bates label USAO-128666–USAO-128669, either at the Court's December 6, 2022 hearing or in his reply brief.

distribution crimes. *Id.* at *5–*6. Dr. Nikparvar-Fard has not established Special Agent Soeffing's grand jury testimony would undermine these core findings. He argues that the grand jury testimony makes clear that Special Agent Soeffing explained that the Marshals never read Dr. Nikparvar-Fard his *Miranda* rights, explained that they failed to do so while trying to complete the arrest quickly, and heard the query of one grand juror as to why Dr. Nikparvar-Fard was not Mirandized. Def.'s Ex. A at 19:2–21:23, at Doc. No. 463-2. But the Court acknowledged in its opinion that Dr. Nikparvar-Fard never received his *Miranda* warning. *Nikparvar-Fard*, 2021 WL 4170615, at *3. Rather, the heart of the Court's analysis was whether Dr. Nikparvar-Fard had volunteered incriminating information, or whether the Marshals had somehow coerced him into confessing to crimes. *Id.* at *5–*6. Dr. Nikparvar-Fard has not cited anything in Dr. Soeffing's testimony that would impact that crucial analysis.

Finally, Dr. Nikparvar-Fard has failed to meet his significant burden to show that his motion for reconsideration warrants a reopening of the suppression hearing. Even if Special Agent Soeffing's report or his grand jury testimony constitute "new evidence," potential inconsistencies between Special Agent Soeffing's report or the grand jury testimony would not be admissible for impeachment purposes against the arresting Marshals' testimony. That is because, generally, an "[impeaching] statement must be that of the witness to be impeached and not of some other person." *Tucci v. Dixon*, No. 01-cv-2337, 2005 WL 2335333 (M.D. Pa. Sept. 23, 2005) (quoting *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor*, 262 F.Supp.2d 251, 262 (S.D.N.Y. 2003)) (collecting cases among Courts of Appeals). A "third party's characterization" of a witness statement may only be used as a prior statement if the witness has adopted that characterization. *See United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992) (noting relevancy concerns in using a third party's notes for impeachment purposes if such notes are neither a

verbatim transcript nor endorsed by the witness). Here, Dr. Nikparvar-Fard has failed to make a showing that Special Agent Soeffing's report was adopted by Marshal Grandison or any of the Marshals interviewed for the report. Therefore, as the Government notes, it would not be proper to admit the report as a prior inconsistent statement of the Marshals in an evidentiary hearing.

CONCLUSION

For the foregoing reasons, the Court will deny Dr. Nikparvar-Fard's motion for reconsideration. An appropriate order follows.

**BY THE COURT:**

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**