IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **MEHDI NIKPARVAR-FARD** | : | |
| a/k/a "Mehdi Armani" | : | No. 18-101-1 |
| **MITCHELL WHITE** | : | No. 18-101-6 |

# O R D E R

**AND NOW**, this _9th_ day of January, 2023, upon consideration of Defendants' Motion *in Limine* to Preclude Use of the Term "Pill Mill" (Doc. No. 127), the Government's Response (Doc. No. 166), Mr. White's Motion *in Limine* to Limit Expert Testimony to a Proper Testimonial Format and Opinions Disclosed in Accordance with Rule 16(a)(1)(G) (Doc. No. 392), Mr. White's Motion *in Limine* to Preclude (1) References to "Illegal" or "Criminal" Prescriptions and (2) the Term "Reasonable Medical Certainty" (Doc. No. 393), and Dr. Nikparvar-Fard's Omnibus Motion *in Limine* (Doc. No. 405), for the reasons set forth in the accompanying Memorandum, it is **ORDERED** that:

1. The Motion in Limine to Preclude Use of the Term "Pill Mill" (Doc. No. 127) is **DENIED** without prejudice.

2. The Motion in Limine to Limit Expert Testimony to a Proper Testimonial Format and Opinions Disclosed in Accordance with Rule 16(a)(1)(G) (Doc. No. 392) is **DENIED** without prejudice.

3. The Motion in Limine to Preclude (1) References to "Illegal" or "Criminal" Prescriptions and (2) the Term "Reasonable Medical Certainty" (Doc. No. 393) is **GRANTED IN PART** and **DENIED IN PART** without prejudice, as set forth in the accompanying Memorandum.

4. The Omnibus Motion *in Limine* (Doc. No. 405) is **DENIED** without prejudice.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE